### JAMES JORDAN v JAMES B. LANIER.

It is error for a Court to grant an injunction in a case where the party applying therefor has an adequate remedy by an action for damages.

(The cases of *Bogey* v. *Shute*, 1 Jones Eq. 180; *Thompson* v. *Williams*, Ibid. 176; *Clement* v *Foster*, 71 N. C. Rep. 36, cited and approved.)

CIVIL ACTION for a trespass on land, and an application for an injunction, heard before *Cloud*, *J.*, at Chambers, in the county of DAVIE, May 6 h, 1875.

The following statement, signed by counsel, is sent with the record as containing facts sufficient for the decision of this Court:

"This is a motion upon notice to the plaintiff, to dissolve the injunction heretofore granted without notice by his Honor at Chambers.

The plaintiff brought a civil action against the defendant for trespass on his land, claiming one hundred dollars damages also praying for an injunction. The injunction was granted upon the plaintiff's affidavit, without notice to the defendant. On the same day the summons was issued; and after answering the plaintiff's complaint, the defendant, upon notice, moved to dissolve the injunction.

His Honor, after hearing the affidavits offered by the respective parties, gave judgment refusing the motion to dissolve, and continued the injunction to the hearing. From this judgment defendant appealed.

*Craige & Craige,* for appellant.
*Bailey,* contra.

PEARSON, C. J. If the fence which the defendant has built, and the parts of the outside fence which he has taken away, are on his own land, no Court, either of law or of equity, has any power to interfere with him in thus using his own property. If his operations are upon the land of the plaintiff, he has exposed himself to an action by which the plaintiff will be able to establish his line and to recover full compensation by way of damages for the injury. So the plaintiff has, (if aggrieved,) *adequate relief* at law, and there is no ground upon which to invoke the extraordinary power of a Court of equity.

Under the old mode of procedure, the plaintiff, after bringing an action of ejectment, or of trespass *quare clausum fregit,* in order to set up his supposed equity for an injunction, as ancillary to his action at law, would have been obliged to file a bill in equity and pray the chancellor to interfere in his behalf, and by the extraordinary writ of injunction, prevent the defendant from removing a few panels of fence until the dividing line could be fixed; basing his application on the ground that this injunction was necessary in order to prevent irreparable injury. To which the Chancellor, on refusing the application, would have said : " You have not a pretext to go on. Damages to the amount of a few dollars will be adequate compensation, and you do not *allege that the defendant is insolvent.*" See *Bogey* v. *Shute,* 1 Jones Eq., 180 ; *Thompson* v. *Williams,* Ibid, 176.

So there is no allegation of an intended destruction of things which cannot be replaced—as cutting down ornamental shade trees ; or even the intention to commit a trespass which the defendant will not be able to respond to by payment of damages.

By the new mode of procedure, one tribunal deals out both law and equity ; but we have had occasion to decide in several cases that this change in the mode of procedure does not in any wise affect the principles of law and the principles of

equity; and it is just as essential now, as it ever was,.to keep them separate and distinct. For unless that be done, we are at sea, without rudder or compass, and everything will depend on the notions of different Judges as to "the broad ground of substantial justice."

We are aware that having but one tribunal to administer both law and equity tends to cause the principles of law and the principles of equity to run into each. other and become confounded, as is illustrated by the case before us. For, had the plaintiff been put to the necessity of filing a bill in equity to stop the removal of a few panels of fence, the effects of which removal he could have met at a cost of some $25 or $30 in having rails split and hauled to build some twenty-five panels of fence, (admitting a necessity to have the rails hauled one mile,) when, if he was right about the dividing line, he would have been entitled to both fences. The application would have been *smiled* out of Court. But coming as it did in the case *Clement* v. *Foster*, 71 N. C. Rep., 361, (where the same supposed equity was prayed for and *refused*, as upon a motion in that case, and coming as it now does, as a motion for a restraining order and an injunction in the action of *Jordan* v. *Lanier*, for the recovery of land and damages, in other words, an action of trespass *quare clausum fregit*, (except that we are not allowed by C. C. P. to give the action a name,) it had an imposing appearance of *substantial justice*, and his Honor confounded the distinction between the principles of law and of equity and the notions of justice, which latter no Courts can administer and which he left to depend on public feeling.

Error.    Reversed.    To be certified.

PER CURIAM.                        Judgment reversed.