WILSON & EBON v. JAMES T. RESPASS.

*Landlord and Tenant.*

Where a lessor gets possession of the crop by his own act, the remedy
of the lessee to recover his part thereof is by claim and delivery; and
in such case, the lessor being solvent and required to give bond of in-
demnity, the court will not restrain him from selling the crop. (Re-
view of the landlord and tenant act of 1877, ch. 283, and the method
of proceeding to determine the rights of parties thereunder, pointed
out by SMITH, C. J.)

(*Oldham* v. *Bank*, 84 N. C., 304, cited and approved.)

MOTION for Injunction heard at Fall Term, 1881, of BEAU-
FORT Superior Court, before BENNETT, J.

The motion was refused and the plaintiffs appealed.

*Mr. Geo. H. Brown,* for plaintiff.
*Mr. Jas. E. Shepherd,* for defendant.

SMITH, C. J. The plaintiffs allege that on December 15th,
1880, an agreement was entered into between themselves
and the defendant, under which, with mules provided and
fed and necessary farming implements furnished by him,
they were to cultivate certain of his lands during the year
succeeding, and deliver to him one-half part of the crops
made and gathered, except that he was to have one-third
only of the corn grown in a certain specified field, and to do
certain other work on the premises, described in the com-
plaint. That they accordingly entered upon the demised
land and cultivated the same, raising crops of cotton, corn,
rice, &c.. for division between the parties to the contract,
and performing in all respects the obligations assumed by
them therein. That on the last of November, during their
temporary absence, the defendant entered upon the demised
land, took possession of the crops, except some corn that

was used by them, refused to allow them to re-enter or in any manner interfere with the standing or gathered crops, and claims to hold them for himself alone.

The relief sought is that the defendant be restrained from removing, selling, or disposing of any portion of the crops ; the crops and the land be restored to the possession of the plaintiffs and sold ; and the proceeds held to await the future order of the court, and an account of the dealings between the parties under the agreement be taken, and reported by the clerk, or other appointed referee.

Upon this verified complaint, offered as an affidavit, a temporary restraining order was issued, and a day designated, of which notice was given to the defendant, for the hearing of the plaintiffs' application.

At the appointed time His Honor made the following interlocutory order :

This cause having been heard upon complaint, answer and affidavits, it is ordered and adjudged that the restraining order herein be vacated, and an injunction until the hearing is refused upon the execution of a bond in the sum of $2,000 by the defendant conditioned upon the payment by him to the plaintiffs, or either of them, of any sum that may be adjudged to be due by him to the plaintiffs. It is also ordered that the plaintiffs' application to give bond and take possession of the crops, and also for the appointment of a receiver, be denied.

From this judgment the plaintiff's appeal and assign for error in law the refusal of the court to allow the bond and direct the restoration of the crops to them.

The solvency of the defendant is not disputed, and the the plaintiffs' right to be restored to the possession by the order of the court, on giving the bond, is asserted to be conferred, irrespective of the solvency of the defendant or the safety of the property in his hands, by the third section of

the act amendatory of the Landlord and Tenant Act of March 12th, 1877.   Acts 1876–77, ch. 283.

This aspect of the case dispenses with the duty of ascertaining the facts established by the evidence, and it is sufficient to say that the material allegations made in the complaint are denied or controverted in the answer, and that imputing insolvency to the defendant, disproved in the accompanying affidavits.

In deciding the appeal we are consequently required to examine the provisions of the statute and inquire whether it furnishes the specific relief, the denial of which constitutes the assigned error in the ruling of the judge.

The first section of the act gives to the lessor of lands to be used for agricultural purposes, a lien upon the crops raised thereon for the rent and for the fulfilment of the other stipulations in the contract, and for securing the same, vests in him the legal possession of the crops, while the actual and subservient possession remains and must of necessity remain with the tenant.   It also confers upon the lessor the right to sue and recover, as "in an action upon a claim for the delivery of personal property," any part of the crops removed from the premises without his consent, and in possession of the tenant or other persons before the satisfaction of the lien.

The second section confers upon the tenant, when the lessor or his assignee has acquired possession by his own act and not in the mode prescribed in the preceding section, the like remedy for the recovery of *such part of the crop as he in law, and according to the lease or agreement may be entitled to.*

Section three prescribes a mode of adjusting a controversy which may arise " between the parties and neither party avails himself of the provisions of the first and second sections," by a proceeding which either may institute before a justice or in the superior court, as the jurisdiction may be determined by the amount claimed, and adds : "But in case there shall be a continuance or an appeal from the justice's

decision to the superior court, the lessee or cropper, or the assigns of either, shall be *allowed to retain possession of said property* upon his giving bond to the lessor or his assigns, or the adverse party, in a sum double the amount of the claim," &c., " with good and sufficient security to be approved by the justice of the peace or the clerk of the superior court, conditioned for the faithful payment to the adverse party of such damages as he shall recover in said action."

It is quite apparent that this section contemplates an action to determine a dispute growing out of the agreement, and the relative rights and obligations created by its stipulations, without disturbing the possession of the lessee, cropper or assignee of either, and this intent is very clearly expressed in the terms used in the enactment. It is a method of settling a controversy without resort to the possessory actions authorized in the antecedent parts of the statute. The lessee, cropper, or assignee is to be " allowed to *retain* possession of the property," that is, his subsisting possession shall remain without disturbance or other interference of the court, upon his executing the prescribed bond of indemnity, and this when the decision is deferred by a continuance or an appeal.

The act under such circumstances requires non-intervention on the part of the court, not the removal of the crop from the possession of the lessor to the possession of the lessee. For this the remedy is furnished in the preceding section, and it extends even then, not as maintained in the argument, to the entire crop, but to the proportionate part to which the lessee is entitled according to the terms of agreement. The court could not, therefore, properly make the order asked, for a change of the custody of the crops, under the directions of the act.

But if the action be regarded as an equitable proceeding to secure the common property, and place it in the custody of a receiver, with the auxiliary process of injunction, the

case made upon the proofs does not call for the proposed interference. Aside from the fact, disclosed in the evidence that one of the plaintiffs has by deed of mortgage conveyed his interest and share in the crops to the defendant, which the latter holds in addition to his rights as lessor, it is not questioned that the defendant is solvent and capable of answering any demand which the plaintiffs may have against him for their shares of the property, he is permitted by His Honor to retain possession only on his giving an adequate security for the protection of the interests of the defendant in the premises, as may be ultimately determined. In this view, the appointment of a receiver, if not resting in the ·discretion of the court, was wholly unnecessary.

The interlocutory decree in the subject matter of complaint, we are called on to revise and correct, is in our opinion obnoxious to no just exception, and seems to have been made in conformity with the suggestion made in *Oldham* v. *Bank*, 84 N. C., 304, as abundantly protective of the interests of all, and consonant with the rules in equity.

It must be declared there is no error, and the judgment be affirmed. Let this be certified to the court below.

No error. Affirmed.