MRS. M. G. JONES v. R. G. LASSITER and the CITY OF RALEIGH.

(Filed 3 November, 1915.)

**1. Injunction—Public Benefits.**

The construction of public utilities, or works for public benefit, will not be restrained at the suit of private individuals, unless the damages caused thereby are both serious in amount and irreparable in character; and where a contractor for paving streets of a city with a combination of asphalt and concrete has located his mixing and heating apparatus near the boarding-house of the plaintiff, and it is found by the trial judge that the location was a proper one for the character of the work, which was for the public benefit, and that the defendant was able to respond in damages for the injuries caused, an order restraining his work to the final hearing will be denied.

**2. Same—Main Relief—Prima Facie Case—Trial by Jury.**

Where relief by injunction is the principal remedy sought in a suit, the courts will generally continue it to the hearing upon plaintiff's making out a *prima facie* case; but this rule has no application where important public works and improvements are sought to be stopped, for in such instances the courts will ordinarily let the facts be found by the jury before interfering by injunction.

APPEAL by plaintiff from an order of *Cooke, J.,* dissolving an injunction, at the September Term, 1915, of WAKE.

*Douglass & Douglass for plaintiff.*
*Armistead Jones & Son, B. H. Perry for Lassiter.*

BROWN, J. This action is instituted to recover damages for alleged injury to plaintiff's property, health and business, caused by the operation of an asphalt mixing plant near her residence in the city of Raleigh, and to perpetually enjoin the defendant Lassiter from the operation thereof.

On 14 October, 1914, Lassiter entered into a contract with the city of Raleigh to pave its streets with a combination of asphalt and concrete, carried through a high heating process, and required to be under a sufficient heat at the time of laying same upon the streets, and it was necessary that the plant be located as near to the streets to be improved as practicable, so that the heat, to a high degree, might be retained in transit to the street.

The defendant Lassiter located his plant upon the right of way of the Seaboard Railway, in the midst of various shops and foundries there situated, and about 175 feet from plaintiff's dwelling. The judge below finds (1) that the gritty dust that came from the grinding of the stone, when the wind was blowing from a northern direction, was thrown upon and against her house and furniture, thereby greatly damaging her property; (2) that the throwing out of the said fine particles of dust and the emission of smoke was a menace to her health and others in her dwelling-house, and which was being used as a boarding-house, and that because of the condition referred to her boarders were threatening to leave, which would seriously affect her means of securing a livelihood; (3) that the fine particles of gritty dust and smoke being blown into her eyes have produced soreness in one of her eyes, which will at least become chronic if the condition continues. It is admitted that the defendants are solvent and fully able to respond in damages for any amount that may be recovered.

The court also finds that the machine is in the most fitting location to accomplish the important work of building the streets, and that to stop the work would greatly interfere with the public good. An injunction until the final hearing was refused, but the injunction is made effective on and after 1 January, 1916.

The right to grant an injunction effective on that date is not before us, as defendants did not appeal. It has been repeatedly held by this and other courts that the construction or use of public utilities will not be enjoined at the suit of private individuals, unless the damage is both serious in amount and irreparable in character. It is against public policy to restrain industries, public improvements and enterprises prosecuted for the public good and that tend to develop the country and its resources. *Waste Co. v. R. R.,* 167 N. C., 340; *Griffin v. R. R.,* 150 N. C., 312; *Berger v. Smith,* 160 N. C., 205. Private rights must sometimes yield to the public good, certainly upon compensation.

It is true that when the injunctive relief sought is not merely ancillary to the relief demanded, but is, itself, the principal relief sought, the courts will generally continue the injunction to the hearing upon the making out of a *prima facie* case. *Marshall v. Commissioners,* 89 N. C., 103.

But this rule does not hold good in cases where important public works and improvements are sought to be stopped. In such matters, in the interest of the public good, the courts will let the facts be found by a jury before interfering by injunction. The right of this plaintiff to recover damages for her alleged injuries is not now before us.

Affirmed.