A. E. FINGER AND D. E. RHYNE v. REX SPINNING COMPANY
AND PRISCILLA SPINNING COMPANY.

(Filed 24 June, 1925.)

**1. Injunction—Trespass — Sewerage — Nuisance—Findings—Evidence— Appeal and Error.**

Upon motion to continue a restraining order to the hearing of the cause, it appeared on appeal from the judgment of the lower court and the judge's findings of fact that defendants operated cotton mills on their lands adjoining those of the plaintiffs, employing a large number of operatives, maintained a septic tank on their own land for sewerage, which emptied with increased volume of water into a stream thereon and *was conveyed* thereby to plaintiffs' lands, to the damage of the health of plaintiff and his family residing thereon: *Held,* this conduct *of defendants was a continuous trespass or nuisance on plaintiffs' rights* and property, and there being conflicting evidence to support these findings, the restraining order was properly continued to the hearing.

**2. Same—Appeal and Error—Evidence—Review.**

Upon appeal from an order continuing a restraining order to the final hearing involving the question of defendants committing a nuisance to the injury of the plaintiffs' health while residing on adjoining lands: *Held,* the evidence upon which the judge based his findings of fact is reviewable.

FINGER *v.* SPINNING CO.

### 3. Same—Public Interests—Damages.

>   The operation of a cotton mill for defendants' advantage or profit does
>   not so affect the public interest as to permit them to maintain a nuisance
>   to the injury of the health of the family of an adjoining owner, upon
>   compensation in damages.

APPEAL by defendants from order by *Harding, J.,* for the Fourteenth
Judicial District, at chambers, 15 April, 1925. From GASTON.

Pursuant to an order to show cause why an injunction against them,
as prayed for in the complaint, should not be granted, defendants
appeared before Judge Harding at Charlotte, N. C., on 15 February,
1925. From affidavits filed by plaintiff and defendants and duly con-
sidered by the court, the court found "as facts that each of the defend-
ants has discharged and permitted the discharge and is discharging
and permitting the discharge of offensive and polluting matter upon
the lands of the plaintiff, Finger, and in the stream running through
said lands described in the complaint, to the great and irreparable
damage of the plaintiff, Finger, and that said defendants threaten and
intend to continue the said injurious acts unless restrained therefrom
by this court; and that each of said defendants has diverted and is
diverting water poured from deep wells upon their premises through
their respective sewerage systems into the said streams flowing through
the lands of the plaintiff, Finger, where the water from such wells
would not have flowed but for such diversion, thereby increasing the
flow of said stream."

Upon these facts it was ordered, adjudged, and decreed "that the
defendants, Rex Spinning Company and Priscilla Spinning Company,
and each of them and their respective officers, agents, servants, and
employees, be, and they are hereby, forbidden, enjoined, and restrained
until the trial of this cause from discharging or causing or permitting
the discharge of any sewage or fluids or matter from the sewerage of
said defendants, or either of them, or from discharging or causing or
permitting the discharge of any offensive or polluting fluids or matter
upon the lands of the plaintiff, Finger, or into or near the stream run-
ning through and upon the lands of said plaintiff described in the
complaint."

In order that defendants might have time within which to make such
changes in their respective sewerage systems as might be necessary in
order to comply with said order, it is expressly provided that said
injunction or restraining order should not be effective until 14 July,
1925, and that the same should take effect in all respects on said date.
It was further ordered that plaintiffs, before said order should be
served upon defendants, give an undertaking in the sum of $15,000, to
be approved by the clerk, and conditioned as required by C. S., 854.

Defendants excepted to said order and appealed to the Supreme Court. The only assignment of error is based on the exception to the order as signed by the judge.

*Cansler & Cansler and Mangum & Denny for plaintiff.*
*F. M. Shannonhouse and Parker, Stewart, McRae & Bobbitt for Rex Spinning Company.*
*Garland & Austin for Priscilla Spinning Company.*

CONNOR, J. Plaintiff, A. E. Finger, owns a tract of land, situate in Gaston County, containing 133 acres, more or less, upon which are located a comfortable and commodious dwelling-house occupied by plaintiff as his home, tenant houses, stables and other buildings required for the use of said land as a farm; plaintiff, D. E. Rhyne, has an interest in said land as mortgagee.

Defendants are corporations engaged in the business of operating cotton factories; each defendant owns lands situate south of the land owned by plaintiff, upon which are located manufacturing plants and tenement houses for its operatives and employees; each defendant has about 250 employees, who, with their families, make the population of each village owned by said defendants, respectively, not less than 500 persons; each defendant has and maintains on its land, for the use of its plant and of its village, a water and sewerage system; the sewage from the water-closets, sinks, and other outlets used by defendant and its employees living in said village is carried by pipes to a structure located on said defendant's land, constructed and maintained as a septic tank; the sewage and water from each septic tank flows from said tank into a small stream running through the land of defendant and thence through the land of plaintiff.

Plaintiff contends that the water which flows from the tanks into the stream which runs through his land is polluted, and that by reason of such pollution and of the matter which it carries onto and through his land emits obnoxious and offensive odors; that the water in said stream is thereby rendered unfit for use, and that the value of his farm is thereby greatly diminished; that the portion of his land lying on and adjacent to said stream is valuable chiefly as a pasture, and that by reason of the pollution of the water in said stream he has been forced to abandon the use of said land as a pasture for milch cows. Defendants admit that the water from the septic tanks on the lands of each flows into the stream which runs through plaintiff's land, but deny that same is polluted or that there are any injurious consequences to plaintiff or his land from the maintenance of said tanks or the flow of water therefrom. Each defendant contends that the continued operation of its septic tank from which water flows through the stream run-

ning from its land through the land of plaintiff is essential to the health and comfort of its employees and their families and to the conduct of its business; that the benefits accruing therefrom to each defendant and its employees are so great as compared to the injury done to plaintiff that an order enjoining and restraining the further operation of said septic tanks ought not to be made by the court.

There is evidence to the effect that the natural drainage of a considerable area of the lands of each defendant is not into the stream running through and from said lands onto and through the lands of plaintiff; that each defendant has constructed and maintains on its land an elevated tank into which water is pumped from a deep well on said land, and that water from this elevated tank is forced through pipes into the septic tank on said land and is thence discharged into the stream, thus being diverted into and increasing the flow of water in the stream running through the lands of plaintiff. There is evidence to the contrary with respect to the natural drainage. Defendants contend that both the diversion and increase of flow is so inconsequential as to invoke the maxim, *de minimis non curat lex.*

There is no controversy between the parties to this action as to the fact that each defendant by the operation of its sewerage plant is discharging water from its septic tank into the stream which flows from said land through the land of plaintiff. The only controversy on this phase of the case is as to the condition of the water thus discharged and its effect upon plaintiff and this land. The court found that this water was polluted by reason of having passed through the septic tank; that it was offensive because of the matter which it contained, and that it caused irreparable damage to plaintiff; further, that defendants threaten and intend to continue the discharge of said water unless restrained. There is evidence sustaining this finding of the court.

The court further found that each defendant has diverted and is diverting water pumped from deep wells on its land through its septic tanks into the stream running through plaintiff's lands, thus increasing the flow of water through said stream. There is evidence to sustain this finding by the court.

We have read with care the affidavits introduced as evidence upon the hearing before Judge Harding and from which he made his findings of fact. Upon this appeal we may review the evidence and determine questions of fact as well as of law; *Cameron v. Highway Commission,* 188 N. C., 84. The evidence sustains the findings of fact. All the material facts of which there was evidence are found by the court. There is no error in this respect.

Nor do we find any error of law in the order of the court restraining and enjoining the defendants until the trial of the action. *Rhyne v.*

*Mfg. Co.,* 182 N. C., 489, is determinative of this appeal. We are unable to distinguish the instant case from that case. In both cases, upon the findings of fact, defendants, by diversion of water from its natural flow and by their threats to continue same, are trespassers upon the lands of plaintiff, the trespass being continuous in its nature. In both cases the conduct of defendants constitute a nuisance, entitling plaintiff to an order restraining defendants from continuing such conduct until the trial of the action.

Defendants and their employees are engaged in a private enterprise. The public has no such interest in the operation of defendants' cotton mills as calls for the application of the rule invoked by them that a court of equity will not enjoin an enterprise by which the public will be benefited at the instance of an individual whose injuries may be compensated by damages. It must be conceded that, however much the continued operation of the septic tanks may promote the interest of defendants, they have no right to commit continued trespasses upon the lands of plaintiff or to maintain a nuisance thereon which causes him irreparable damages. The right of plaintiff to use and enjoy his property cannot be destroyed or diminished by the conduct of defendants, who claim no right to continue such conduct, but who insist only that they should not be restrained because their private interests ought to outweigh the rights of plaintiff. Indeed, it does not appear that the operation of the cotton mills will be prevented during the continuance of the restraining order; defendants may accomplish the object of disposing of their sewage by other means. The fact that this may call for the expenditure of large sums of money by defendants cannot be considered as justifying the continuance of a trespass upon or a nuisance to the lands of plaintiff by defendants. As said by *Chief Justice Clark,* in *Rhyne v. Mfg. Co., supra,* "Defendants must attain its ends, advance its interests, or serve its convenience by some method, whether in improving its sewerage system or otherwise, which shall be in accordance with the age-old maxim that a man must use his own property in such a way as not to injure the rights of others, *sic utere tuo, ut alienum non lædas.*"

Since the argument of this case in this Court an affidavit has been filed in the record, accompanied by a letter from counsel for one of defendants, tending to show that plaintiff, Finger, has since said argument conveyed the land described in the complaint to plaintiff, Rhyne. No notice seems to have been given to plaintiffs of this affidavit and no motion has been made in the cause which calls for a consideration of its contents by us. It is no part of the record.

The order made by Judge Harding is sustained. There is

No error.