ARVILLE MASTEN and LILLIE MASTEN v. THE TEXAS CO., H. C.
WEAVIL and C. B. YOKELEY.

(Filed 16 November, 1927.)

**Waters and Water Courses—Subterranean Waters—Pollution—Damages
—Evidence—Nonsuit.**

> Where a tank to supply large quantities of gasoline has been put into
> the ground by the defendant on property adjacent to that of plaintiff,
> and its use thus caused the seepage of gasoline into the ground in such
> quantities as to destroy the use of plaintiff's well of water used at his
> dwelling for drinking purposes, by entering into the underground water
> channels which gave him his water supply, the defendant is answerable
> for the damages thus caused, and the evidence in this case is *held* suffi-
> cient to take the issue to the jury upon defendant's motion as of nonsuit.

APPEAL by Texas Company from *Lyon, J.,* at September Term, 1927,
of FORSYTH. Affirmed.

The evidence: That prior to the installation of the pump by the de-
fendant, The Texas Company, that the water in the well of the plain-
tiffs was all right. After the installation of the pump and the union
joint, the well became contaminated with gasoline. The defendant,
Yokeley, lessee, entered into a trade with the defendant, The Texas
Company, whereby the said company was to install the electric pump,
which it did, and the defendant, Yokeley, was to use its gasoline. The
defendant, The Texas Company, had notice of the condition of the
tank shortly after the well became contaminated. The pumps installed
by the defendant, The Texas Company, was one hundred and thirty
feet from the well. This was the only gasoline tank within half a mile
or more of the plaintiffs' home. The general contour of the ground was
sloping from the gasoline tank to the well. A strata of rock ran from
the tank to the well. The vein of water running into the well came
from the northwest, the direction of the well from the pump. The
gasoline tank is on the lot of H. C. Weavil. Mr. Barney is manager of
The Texas Company. The Texas Oil Company put in the gasoline
tank, etc., and it has a capacity of 500 gallons. C. B. Yokeley runs the
filling station.

Arville Masten, plaintiff, testified: "This is gasoline that came out
of my well (referring to liquid in jar which witness had). I took this
out this morning. Mr. Reid and Mr. Swaim were with me at the time.
There was seven inches more gasoline in the well at the time. (Counsel
hands jar of liquid to jury for examination.) That is gasoline in that
jar. Before this tank was put in my water was all right, in good condi-
tion. I have had gasoline in it all the time for two years now. . . .

(Redirect) I have gotten sixty or sixty-five gallons of this gasoline out of my well altogether."

E. H. Kirkman, county sanitary officer, testified, in part: "I inspected Mr. Masten's well about that time. I found quite a heavy skim of gasoline on top of the water, possibly half an inch or an inch. I then drew the water off and sealed the well, and about a week later made another inspection, and found about half an inch or an inch of gasoline on top of the water. We cleaned the well again; I went down in the well and drew off the contents and measured the gasoline. I got about five gallons of gasoline. I then notified Mr. Yokeley I wanted to look into the condition of his tank. I then went to Mr. Barney for permission to go into his pumping system, his part of it. He granted me permission. I went there to make the inspection and Mr. Weavil refused permission to make it. I came back later and made the inspection. I excavated around that upright tank. Around that union joint I found some wet mud, wet with gasoline. I found a drip from that union, and found the ground immediately underneath that drip saturated with gasoline. The well was walled with tile. It was concreted at the top and a pump was used."

Fred Swaim testified: "I helped dig this well of Mr. Masten's. The vein there comes from the northwest, kind of the direction of where the filling station is."

The defendant denied any negligence in the installation of the tank, or any negligence in permitting the tank to remain in a leaking condition, and denied that the gasoline in the well came from, or had any connection with, the gasoline in the tank.

Judgment of nonsuit was entered against Yokeley. The Texas Company is the only defendant that appealed.

*Wallace & Wells and W. H. Beckerdite for plaintiff.*
*Swink, Clement & Hutchins for defendant.*

CLARKSON, J. This action was tried in the Forsyth County Court. After the plaintiffs had introduced their evidence, motion was made by defendant for judgment as in case of nonsuit, C. S., 567, which was allowed. Plaintiffs excepted, assigned error and appealed to the Superior Court. The judgment of the Forsyth County Court was reversed and the action remanded to said court for trial on the facts. Defendant, Texas Company, excepted, assigned error and appealed to the Supreme Court. We think the evidence, though circumstantial, more than a scintilla, and sufficient to be submitted to a jury. *Ledford v. Power Co., ante,* p. 98. The probative force is for a jury to determine.

The principle upon which the action is bottomed is well stated in 27 R. C. L., part of section 137, p. 1223, as follows: "The weight of modern authority supports the rule that a person who, by permitting the pollution of his own soil or the water thereunder, contaminates his neighbor's well or the streams under the neighbor's land, from which water is appropriated, is liable to the latter in damages, and in some cases the continuance of such pollution has been restrained by injunction." *Clark v. Lawrence,* 59 N. C., p. 83; *Rouse v. Kinston,* 188 N. C., p. 1; *Finger v. Spinning Co.,* 190 N. C., p. 74; *Cook v. Mebane,* 191 N. C., p. 1.

One may no more pollute a subterranean stream than a surface stream. A person has no right to befoul, corrupt or poison underground water so that when it reaches his neighbor's land it will be unfit for use by either man or beast. The same principle applies to noxious odors. This is good morals as well as good law. The judgment of the Superior Court is

Affirmed.