### JOHN S. LITTLE v. MARTIN FURNITURE COMPANY.

(Filed 6 May, 1931.)

**1. Waters and Water Courses C c—An action will lie for damages caused by pollution of stream.**

Where the defendant's septic tank overflows and pollutes a stream the plaintiff may recover damages proximately caused thereby.

**2. Judgments F d—Motion for judgment non obstante veredicto will not be granted where the pleadings support the verdict.**

A motion for judgment *non obstante veredicto* is, in effect, a belated motion for judgment on the pleadings, and the defendant's motion was properly overruled upon the authority of *Iron Works v. Beaman,* 199 N. C., 537, and cases cited.

**3. Damages F c—Refusal of request to limit recovery to nominal damages held proper in this case.**

In this action to recover damages caused by the pollution of a stream by the defendant the action of the trial court in refusing defendant's request to limit the recovery to nominal damages is held in accord with the decision in *Finger v. Spinning Co.,* 190 N. C., 74, and cases cited.

**4. Waters and Water Courses C c—Defendant is liable for damages caused by his pollution of stream regardless of pollution by others.**

Where the defendant's septic tank has overflowed and polluted a stream, proximately causing damage to the plaintiff's land, the defendant is liable therefor, although the stream may have been polluted from other sources also, and the plaintiff is entitled to have the jury assess such damages as proximately flowed from the defendant's wrong.

APPEAL by defendant from *Shaw, J.,* at September Term, 1930, of CATAWBA.

LITTLE v. FURNITURE CO.

Civil action for damages, tried upon the following issues:

"1. Was the plaintiff damaged by reason of the alleged outflow from the defendant's septic tank, as alleged in the complaint? Answer: Yes.

2. Is the plaintiff's cause of action barred by the statute of limitation, as alleged by the defendant? Answer: Yes, only as to any cause of action accruing to plaintiff prior to 4 August, 1924. (By consent.)

3. What damage, if any, is the plaintiff entitled to recover? Answer: $500."

Judgment on the verdict, from which the defendant appeals, assigning errors.

*No counsel appearing for plaintiff.*
*E. B. Cline for defendant.*

STACY, C. J. The plaintiff's cause of action is supported by the decisions in *Nance v. Phosphate Co., ante,* 702; *Masten v. Texas Co.,* 194 N. C., 540, 140 S. E., 89; *Rhyne v. Mfg. Co.,* 182 N. C., 489, 109 S. E., 376.

The defendant's motion for judgment *non obstante veredicto,* which, in effect, is but a belated motion for judgment on the pleadings, was properly overruled on authority of *Iron Works v. Beaman,* 199 N. C., 537; *Jernigan v. Neighbors,* 195 N. C., 231, 141 S. E., 586; *Shives v. Cotton Mills,* 151 N. C., 290, 66 S. E., 141.

The action of the court in refusing defendant's request to limit plaintiff's recovery to nominal damages accords with what was said in *Finger v. Spinning Co.,* 190 N. C., 74, 128 S. E., 467; *Cook v. Mebane,* 191 N. C., 1, 131 S. E., 407; *Rhyne v. Mfg. Co., supra.*

The fact that the stream in question may have been polluted from other sources, as well as from the defendant's septic tank, neither defeats the plaintiff's cause of action nor denies him the right to have the jury assess such damages as proximately flowed from the defendant's wrong. *Moses v. Morganton,* 192 N. C., 102, 133 S. E., 421; 26 R. C. L., 764; Note, 9 A. L. R., 947. "To show that other causes concurred in producing or contributing to the result complained of is no defense to an action for negligence." *Harton v. Tel. Co.,* 141 N. C., 455, 54 S. E., 299. The defendant's negligence, in order to render him liable, must be the proximate cause, or one of the proximate causes, but it need not be the sole proximate cause, of the plaintiff's injury. *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564.

The record discloses no exceptive assignment of error which can be sustained, and, as the case involves only settled principles of law so far as the present record is concerned, the verdict and judgment will be upheld, without further elaboration of the exceptions.

No error.