STANDARD FASHION COMPANY v. J. L. GRANT.

(Filed 29 April, 1914.)

**1. Illegal Contracts—Statutes—Exclusive Sales—Courts.**

A recovery may not be had in the courts of this State upon a contract made in violation of an express prohibition of our statutes, as in this case, for goods sold and delivered under a contract in consideration that the purchaser should not sell the same commodity in his store manufactured by other parties, for such provision is in violation of chapter 167, sec. 1 (a), Public Laws 1911.

**2. Appeal and Error—Objections and Exceptions—Trial Court—Procedure—Quantum Valebat—Contracts.**

The Supreme Court will not decide a question on appeal that has not been properly presented to the consideration of the trial judge, and exceptions noted as required by the rules of procedure, and in this case, the plaintiff having only sued upon a contract for the exclusive sale of goods in violation of our statute, it is held that the question as to whether a recovery could be had upon a *quantum valebat* may not be determined.

APPEAL by plaintiff from *Shaw, J.,* at February Term, 1914, of STANLY.

Civil action on a contract. From judgment of nonsuit the plaintiff appealed.

The complaint alleges:

1. That the plaintiff, Standard Fashion Company, is a corporation duly organized under and by virtue of the laws of the State of New York.

2. That on 5 March, 1912, J. L. Grant, the defendant, entered into a contract with the plaintiff, a copy of which contract is hereto attached, marked Exhibit "A," and asked to be made a part of this complaint as fully as if written herein.

3. That in accordance with the said contract, and in pursuance to the terms thereof, the plaintiff sold and delivered to the defendant, J. L. Grant, certain goods, wares, and merchandise to the value of $299.96, an itemized statement of which is hereto attached, marked Exhibit "B."

4. That the defendant is due plaintiff the sum of $299.96, and that the defendant has not paid the same, or any part thereof, though payment has been often demanded by the plaintiff.

Wherefore the plaintiff demands judgment for $299.96 and costs.

The defendant, answering, admits signing the contract marked Exhibit "A" and made a part of the complaint, and says:

2. That he admits signing the pretended contract set out in paragraph 2 of the complaint, but avers that said contract is illegal and void, in that said contract and the consideration upon which it is based, which contract speaks for itself, is an unreasonable restraint of trade, and is contrary to public policy; and further the defendant avers that said pretended contract is illegal and void for that it.purports to make a sale or sales of merchandise to the defendant upon the consideration and condition that the defendant shall not deal in the goods, wares, merchandise, articles, or things of value of a competitor or rival in the business of the plaintiff making such sales under said pretended contract to the defendant.

3. That he admits that the plaintiff shipped to him the bill of goods set out in Exhibit "B" mentioned in paragraph 3 of the complaint, under and pursuant to the pretended contract set out in paragraph 2 of the plaintiff's complaint, but denies that said merchandise is worth the sum of $299.96; and further answering said paragraph, the defendant avers that the said pretended contract, under and pursuant to which the plaintiff shipped said goods to the defendant, is illegal and void, as set out and recited in paragraph 2 of this answer, and the defendant denies that he is liable to the plaintiff in any sum whatever on said account.

FASHION CO. *v.* GRANT.

The answer then sets up a counterclaim.

*A. C. Honeycutt for plaintiff.*
*J. R. Price for defendant.*

BROWN, J.   The contract sued on contains these provisions:
The party of second part, the defendant, agrees to purchase and pay for, for free distribution, 9,000 Standard fashion sheets and handy catalogues to a number of not less than 100 per annum; to purchase and pay for $200 value in Standard patterns at net invoice prices.

The contract further provides:

"Second party also agrees not to assign or transfer this agency, nor to remove it from its original location without the written consent of the said first party; not to sell or permit to be sold on the premises of second party during the term of this contract any other make of patterns, and not to sell Standard patterns except at label prices.

"Second party further agrees to permit first party or its representatives to take account of pattern stock whenever it desires, to pay proper attention to the sale of Standard patterns, to conserve the best interests of the agency at all times, to reorder promptly all patterns as sold, and to give the department a prominent position on the ground floor in the store."

The contract then provides that it may be terminated upon three months notice, and upon "expiration of such notice, second party agrees to promptly return to first party all Standard patterns bought under this contract and then on hand, which first party agrees to credit on receipt in good order at three-fourths cost, paying to second party, within thirty days after receipt of same, in cash, any balance due."

It is contended that this contract, on account of the provision therein in which the defendant is made to agree not to sell or permit to be sold any other make of patterns, and not to sell Standard patterns except at labeled prices, is in direct violation of chapter 167, sec. 1, subsec. A, page 321, Public Laws 1911, wherein it is provided that it shall be unlawful for any person,

firm,:or corporation to directly or indirectly be guilty of any of the acts and things specified in any of the subsections of this act. Subsection A of this act is as follows, towit:

"(*a*) For any person, firm or corporation or association to make a sale or sales of any goods, wares, merchandise, or things of value whatsoever in North Carolina, whether directly or indirectly, or through any agent or employee, upon the condition that the purchaser thereof shall not deal in the goods, wares, merchandise, articles, or things of value of a competitor or rival in the business of the person, firm, corporation or association making such sales."

The contract sued on appears to have been made at Albemarle, in this State, 5 March, 1912, after the enactment of the statute. But it is immaterial as to where this particular contract was entered into. It will not be enforced by the courts of this State, as it is plainly in violation of the statute cited. The antagonism of the contract to the statute is so manifest that it need not be discussed.

It is well settled that the courts of a State will not lend their aid to the enforcement of a contract—

1. When the contract in question is contrary to good morals.

2. When the State of the forum, or its citizens, would be injured by its enforcement.

3. When the contract violates the positive legislation of the State of the forum.

4. When it violates its public policy. *Cannady v. R. R.,* 143 N. C., 439.

The principle of the rule is that no man ought to be heard in a court of justice who seeks to enforce a contract founded in, or arising out of, moral or political turpitude. In Story Ag., sec. 348, "The distinction between the cases where a recovery can be had and the cases where a recovery cannot be had of money connected with illegal transactions, which seems now best supported, is this: That wherever the party seeking to recover is obliged to make out his case by showing the illegal contract or transaction, or where it appears that he was privy to the origi-

nal illegal contract or transaction, then he is not entitled to recover any advance made by him connected with that contract." *Culp v. Love,* 127 N. C., 461.

The subject is also discussed, and many other authorities cited, in *Bluthenthal v. Kennedy, ante,* 372.

It is suggested that his Honor erred in sustaining the motion to nonsuit, and that he should have submitted an issue as to the actual value of the goods, and that the plaintiff should be permitted to recover such value in this action.

We are not prepared to say, under the statute cited, that the plaintiff can recover as upon a *quantum valebat* without violating the spirit and purpose of the law if the question was presented upon this record, but the point is not raised. The plaintiff tendered no such issue, offered no such evidence, asked no such instruction, took no such exception, and has not assigned it as error. In no form did the plaintiff give the court below an opportunity to pass on such question. Therefore, we will not consider it.

This is an action upon the contract solely, and it is made a part of the complaint, and upon such contract we hold that the plaintiff cannot recover the contract price.

Affirmed.