H. R. PERRY v. FIRST-CITIZENS BANK & TRUST COMPANY, ADMINIS-
TRATOR D. B. N. OF THE ESTATE OF J. B. PERRY, DECEASED.

(Filed 24 November, 1943.)

**1. Executors and Administrators § 21: Limitation of Actions § 15—**

Plaintiff sued for distributive share of estate. Defendant, adminis-
trator, answering, sets up and pleads debts of plaintiff due the intestate
as an offset. Plaintiff, replying, denies the debts and pleads the three-
year and ten-year statutes of limitation. On the hearing it was made to
appear that the debts of plaintiff, if any, were barred by the statutes of
limitation during the lifetime of the intestate. *Held:* The plea of the
statute of limitations is available to plaintiff as a valid defense to the
affirmative claim of offset pleaded by defendant.

**2. Executors and Administrators § 21: Pleadings § 10: Equity § 1a—**

In an action by plaintiff to recover his distributive share of an estate
of which defendant is administrator, where defendant sets up and pleads
debts of plaintiff due intestate as an offset, the claims of both plaintiff
and defendant being legal, the doctrine of equitable setoff has no appli-
cation.

APPEAL by plaintiff from *Burney, J.,* at March Term, 1943, of
FRANKLIN. Reversed.

Civil action to recover distributive share of decedent's estate.

Defendant's intestate died in July, 1940, leaving certain nieces and
nephews as his heirs at law. Plaintiff is a nephew and, as such, is one
of the distributees. At the April Term, 1942, the defendant was author-
ized to make a partial distribution of assets on hand among the dis-
tributees. The amount accruing to the plaintiff under said order was
$625.00. The defendant having declined to pay plaintiff his share,
plaintiff instituted this action for the recovery thereof. In answer to
the complaint the defendant sets up and pleads certain alleged debts of
plaintiff due defendant's intestate. These include (1) $100.00 note dated
23 July, 1924, due on demand; (2) $750.00 sealed note dated 4 January,
1926, due 1 December, 1926; (3) $23.26, open account charge under
date of 14 April, 1926; (4) $87.20, open account charge dated 31 May,
1924; (5) $537.50, fertilizer account for 1930; (6) $954.72, balance due
on open account for 1920, 1921, 1922; (7) $170.00, open account charge
14 May, 1926. No payment is shown to have been made on either of
said accounts or notes, so as to bring them within the statute of limita-
tions.

Plaintiff, in reply, denied said indebtedness and every part thereof,
and pleaded both the three-year and ten-year statutes of limitations.

When the cause came on to be heard the parties waived trial by jury
and agreed that the court should hear the evidence, find the facts, and
render judgment thereon, either in or out of the county, as of said term.

When the cause came on to be heard the court found the facts as above summarized, concluded that the plea of the statute of limitations is not available to the plaintiff, and rendered judgment that the plaintiff recover nothing. Plaintiff excepted and appealed.

*G. M. Beam and Gholson & Gholson for plaintiff, appellant.*

*W. L. Lumpkin and Yarborough & Yarborough for defendant, appellee.*

BARNHILL, J. For the purpose of proving the open accounts pleaded in defense, the defendants offered the merchandise ledger or book of accounts kept by the deceased. There was no other evidence to sustain a finding that these amounts are owing. While plaintiff did not object to the evidence he does except to the finding of fact that the amounts shown on this ledger as being charged to the plaintiff are in fact due and unpaid.

A finding of fact by the court below, when trial by jury has been waived, is binding on this Court when, and only when, such finding is supported by competent legal evidence.

It is to be doubted that the ledger sheets or accounts offered in evidence and admitted without objection constitute legal evidence of the charges therein disclosed. The amounts claimed, with one exception, exceed $60.00, and there was no attempt to comply with the provisions of C. S., 1786 and 1787. Be that as it may, we refrain from decision on that point and pass to the question which is decisive.

When a distributee sues to recover his distributive share of the estate and the administrator pleads by way of offset, under his alleged right of retainer, debts due by the distributee to the estate, is the plea of the statutes of limitations available to the plaintiff?

On this question the courts are sharply divided. Anno. 1 A. L. R., 1007; Anno. 16 A. L. R., 329, 341; Anno. 73 A. L. R., 582. In many courts it is held that a demand of a defendant, whether pleaded by way of setoff, counterclaim, or cross bill, is regarded as an affirmative action, and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations, and is unavailable if barred. 16 A. L. R., 328. Other courts hold *contra.*

In most, if not all, the jurisdictions in which it is held that a barred claim is available as an offset, the courts base their decisions upon some provision of a local statute. Anno. 16 A. L. R., 331. The decisions cited and relied on by the defendant come principally from these States.

As, on this point, this is a case of first impression in this jurisdiction, we must decide the question unaided by any uniform line of decisions, choosing the course which the better reason seems to dictate.

Had defendant elected to plead the debt of plaintiff (which he denies) as a counterclaim or by way of cross action and prayed judgment for the full amount, his claim would be barred. This would seem to be clear. His plea here is in effect a plea of setoff. He seeks to establish the debt and to recover so much thereof as may be necessary to cancel the claim of the plaintiff. This is an affirmative defense, under which defendant seeks affirmative relief. There is no sound reason why we should say that this demand for part recovery is not equally subject to the plea of the statute.

The doctrine of equitable setoff does not apply. Defendant asserts a legal claim. The estate is just as much a debtor to him as he is to the estate. Each has a legal right and remedy. And a statute-barred debt is no more recoverable by an estate than by any other creditor. In many instances, as here, such claims are covered by the dust of time and forgotten, although found by the administrator after the death of his intestate.

Furthermore, the right of action of the deceased was barred during his lifetime and long before plaintiff's cause of action arose. Under these circumstances and in the face of a proper plea of the statute, it is not now available either as a counterclaim or as a setoff.

It may be true, as urged by defendant, that to allow plaintiff to recover his full distributive share of the estate while denying the estate the right to deduct his indebtedness would be an injustice to the other heirs and distributees. If so, the injustice was not worked by the law but by the failure of the deceased to collect or attempt to collect his debt before it was barred by the statute, or to put it in such form as that its life would have been extended. If the plaintiff has not paid the claim, as he contends he has and as the law presumes, the deceased no doubt considered it so much water over the dam. At least he took no action to make it otherwise. Such loss as the other distributees may suffer is due to his neglect.

The exception of the plaintiff to the conclusion of the court below that the plea of the statutes of limitations is not available to him is well taken. The judgment of the court below is

Reversed.