GRUBB OIL COMPANY v. RALPH GARNER ET AL.

(Filed 25 May, 1949.)

**1. Monopolies § 2—**

Lessee alleged that lessor covenanted not to sell any petroleum products other than those of lessee within a radius of 2,000 feet of the demised premises or from the demised premises. *Held:* There being no allegation that lessor agreed to purchase petroleum products from anyone, the provisions of G.S. 75-5 (2) are not applicable, and, upon the pleadings, lessee is entitled to the continuance to the hearing of the temporary order restraining lessor or its successor from selling competing products in the prescribed territory, and demurrer was improvidently sustained.

**2. Pleadings § 15—**

A demurrer admits the truth of factual averments and relevant inferences for the purpose of testing the sufficiency of a pleading, taking the allegations as written.

APPEAL by plaintiff from *Gwyn, J.,* in Chambers at Greensboro, 10 February, 1949, from DAVIDSON.

Civil action to restrain sale of petroleum products, other than "Atlantic," from demised premises as per covenant in lease.

The complaint alleges:

1. That on 6 December, 1941, the plaintiff leased from Wade and Pearl Tysinger a filling station on Highway 64 in Davidson County for a period of seven years and thereafter from year to year for a period not exceeding seven years at a rental of one cent per gallon of lessee's gasoline or motor fuel sold from said premises. Among other things, the lease provides:

"10. Lessor covenants and agrees that he will not, at any time during the continuance hereof, engage directly or indirectly in the business of handling and/or selling from the demised premises, or any other premises within a radius of 2,000 feet therefrom, any petroleum products other than the products of Lessee, . . ."

2. That two days later, on 8 December, 1941, Wade Tysinger agreed with the plaintiff, "In order not to complicate in any way the rental, since the service station has been sublet to me, it is agreeable and I prefer that 1c per gallon on all gasoline purchased by me not be added to the purchase price," this in full satisfaction of the stipulated rent.

3. That on 27 March, 1945, Wade and Pearl Tysinger sold and conveyed the filling station to Ralph and Margie Garner, and shortly thereafter, Ralph Garner executed the following endorsement on the bottom of agreement of 8 December, 1941, set out in paragraph next above: "I purchased the above described property from Wade Tysinger and agreed to a payment of rent as set out in above letter. I agree to assume the

lease between Grubb Oil Co. and Wade and Pearl Tysinger and to comply with all its terms and conditions as if I had executed it."

4. That on 20 December, 1948, Ralph and Margie Garner entered into an agreement with B. C. and Isobel Young, t/a Buck Young Oil Company, purporting to lease to them the premises in question, from year to year for a term of ten years, and agreeing that only petroleum products of "Sinclair" should be sold on said premises. That notwithstanding notice from the plaintiff, the defendants have entered upon the premises, taken possession of plaintiff's equipment, and are undertaking to sell "Sinclair" products through plaintiff's pumps, etc., in violation of their agreement.

Wherefore plaintiff asks for injunctive relief.

A temporary restraining order was issued in the cause, and upon the return thereof, the same was dissolved and demurrer interposed by the defendant sustained on the ground that the covenant set out in paragraph 10 of the lease violates G.S. 75-5, subsec. 2, being in restraint of trade.

From judgment dissolving the injunction and sustaining the demurrer, the plaintiff appeals, assigning error. The defendants have renewed their demurrer here.

*D. L. Pickard and Charles W. Mauze for plaintiff, appellant.*
*Don A. Walser for defendants, appellees.*

STACY, C. J. The question for decision is whether the covenant in suit runs counter to the anti-monopoly or anti-trust laws.

It is not surprising that the parties are in disagreement as to their rights under the instruments in suit. A *lessor* who has nothing but a filling station to lease covenants, *in medias res,* with his lessee not to handle or sell from the demised premises, or other premises within a radius of 2,000 feet, any petroleum products other than those of the lessee. It is quite understandable that the lessee might not want the lessor to handle competing products within a radius of 2,000 feet, and such a covenant seems legally permissible, *Sea Food Co. v. Way,* 169 N.C. 679, 86 S.E. 603, but why the lessor should be asked to stipulate and agree in his lease not to handle competing products "from the demised premises," is not so readily perceived. He apparently has no right to handle anything from the premises while under demise.

However this may be, there is no allegation that the lessor has agreed to purchase petroleum products from anyone—a necessary averment to attract the provisions of G.S. 75-5, subsec. 2. This statute makes it unlawful, *inter alia,* to sell any goods, wares, merchandise, or things of value upon condition that the purchaser will not deal in the goods, wares, merchandise, articles or things of value of a competitor or rival in busi-

ness. *Shoe Co. v. Dept. Store,* 212 N.C. 75, 193 S.E. 9; *Fashion Co. v. Grant,* 165 N.C. 453, 81 S.E. 606; *Standard Oil Co. v. United States,* ...... U.S. ....., 69 S. Ct. 1051, denied 13 June, 1949.

It is true there is here in a letter written by the lessor to the lessee, two days after the lease was signed, the statement, "since the service station has been sublet to me," but this is all that appears on the subject of a sublease. It falls short of an allegation that the lessor agreed to purchase petroleum products from the lessee on the condition denounced by the statute. *Lewis v. Archbell,* 199 N.C. 205, 154 S.E. 11; *Wooten v. Harris,* 153 N.C. 43, 68 S.E. 898. The only challenged agreement appearing on the face of the complaint is the lessor's covenant not to handle or sell from the demised premises, or other premises within a radius of 2,000 feet, any petroleum products other than the products of the lessee. This agreement apparently runs afoul of no statute, *Hill v. Davenport,* 195 N.C. 271, 141 S.E. 752, and hence it is not subject to successful challenge in the manner and form here presented. A demurrer admits the truth of factual averments and relevant inferences for the purpose of testing the sufficiency of a pleading. *Leonard v. Maxwell, Comr.,* 216 N.C. 89, 3 S.E. 2d 316.

It would seem, therefore, that as presently presented, the plaintiff is seeking to enforce a permissible restriction in a lease, rather than a forbidden condition in a sales contract. Anno. 83 A.L.R. 1416; 126 A.L.R. 1375; 24 Am. Jur. 716.

Of course, if it should appear on the hearing that the demise of the premises to the lessee and its immediate subletting to the lessor, for purposes of operation, were but parts of a single transaction, though separately stated, a different situation might arise from what is presently alleged. Nevertheless, on demurrer, we must take the pleading at its face value. Anno. 83 A.L.R. 1418.

The demurrer was improvidently sustained. In the present state of the record, the injunction should have been continued to the hearing.

Error and reversed.