RADIO ELECTRONICS COMPANY v. RADIO CORPORATION OF AMERICA.

(Filed 9 May, 1956.)

**1. Contracts § 7a: Monopolies § 1—**

     If a contract is illegal, either at common law or by reason of statutory provisions relating to monopolies and trusts, plaintiff cannot recover damages for the breach thereof. G.S. 75-1.

**2. Same—**

     Plaintiff declared upon an oral contract under which plaintiff was constituted the sole and exclusive distributor in North Carolina in the sale of a particular product manufactured by defendant. *Held:* The contract substantially limits defendant's right to do business in this State, within the purview of G.S. 75-4 declaring such contracts to be void unless the party so limited agrees thereto in writing. Therefore, demurrer was properly allowed upon the declaration on the oral agreement.

APPEAL by plaintiff from judgment of *Johnston, Resident Judge,* entered 29 December, 1955, in Chambers, FORSYTH.

Civil action to recover damages for breach of contract.

Defendant, by demurrer, challenged the validity of the alleged contract. The hearing was on such demurrer. A condensed narrative of the terms of the contract, as alleged by plaintiff, is as follows:

Plaintiff is a North Carolina corporation, with principal office and place of business in Winston-Salem, North Carolina.

Defendant is a Delaware corporation, with principal office and place of business in Camden, New Jersey. It was and is "engaged in a diversified business covering all phases of radio, electronics, television, and related fields, including manufacturing, broadcasting, televising, selling at wholesale and retail, and service businesses related to all of its other activities." The alleged contract concerns only one line of defendant's products, to wit, its 16mm projectors, auxiliary equipment, accessories and parts.

Before 1945, other 16mm projectors had been sold and were in use in North Carolina. Manufacturers thereof had established sales outlets in North Carolina. Shortly before August, 1945, defendant began to market its said products; but prior to 15 August, 1945, the date of its contract with plaintiff, no market therefor had been established in North Carolina.

Under the contract of 15 August, 1945, an *oral* contract, these obligations were assumed:

Plaintiff agreed: (1) to maintain offices, show rooms, a sufficient inventory, a service department, etc., to enable it to market and service

defendant's said products in North Carolina; (2) to introduce, promote and develop, etc., the sale of defendant's said products in North Carolina, through sales personnel, advertising, etc.; and (3) to pay for defendant's products according to the list price established by defendant covering sales to its distributors.

Defendant agreed: (1) to assist plaintiff in the promotion of sales by means of national advertising, literature, supervisory and demonstration personnel, etc.; (2) to ship and sell its said products, at its list price to distributors, as ordered by plaintiff; (3) ". . . to allocate to the plaintiff the exclusive sale of all Radio Corporation of America 16mm Visual Products in the State of North Carolina . . ."; (4) ". . . to appoint no other distributor or distributors in the State of North Carolina . . ."; and (5) ". . . to refrain from selling Radio Corporation of America Visual Products directly to consumers within the State . . ."

It was agreed that the contract should continue in effect "for an indefinite period, said period to continue for so long as the plaintiff complied with the terms of the agreement and conducted its business in such a way as to promote the sales and efficient service of" defendant's said products.

Plaintiff developed, through its sales personnel and through dealers approved by defendant, a large market throughout North Carolina for defendant's said products; and in so doing plaintiff established for itself and for defendant an extensive and profitable business. In short, plaintiff has discharged fully all of its contractual obligations.

Prior to 12 November, 1954, defendant wilfully breached the contract (1) by quoting prices and making direct sales of its said products to plaintiff's customers in the State of North Carolina, and (2) by constituting another firm, to wit, a firm procured by plaintiff as one of its approved dealers, to act as a *distributor* of its said products within the State of North Carolina.

On 12 November, 1954, defendant notified plaintiff that its distributorship contract had been cancelled, "that the plaintiff's name had been stricken from its list of distributors and . . . defendant would no longer honor its contracts or any orders placed thereunder." Thereafter, notwithstanding plaintiff's refusal to accede to this attempted unilateral cancellation of the contract, defendant has refused to recognize said contract or to permit plaintiff to act as its distributor in the State of North Carolina.          .

By reason of defendant's breach of contract, plaintiff alleges that it has been greatly damaged.

Defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action, specifying as grounds

for demurrer that the alleged contract is void and unenforceable because: (1) it is in restraint of trade or commerce in the State of North Carolina; (2) it is an oral contract purporting to limit defendant's right to do business in North Carolina; (3) it purports to prevent the appointment of other distributors in the State of North Carolina, and purports to prevent sales direct to customers, and purports to give plaintiff the exclusive right to sell defendant's said products, all with intent to prevent competition in the buying and selling of such products; and (4) it is for an indefinite period, terminable at will, and has been validly terminated.

The court below entered judgment sustaining the demurrer. Plaintiff excepted and appealed.

*Spry, White & Hamrick for plaintiff, appellant.*
*Deal, Hutchins & Minor for defendant, appellee.*

BOBBITT, J. If the contract is illegal, either at common law or by reason of statutory provisions relating to monopolies and trusts, G.S. 75-1 *et seq.*, plaintiff cannot recover damages for the breach thereof. *Shoe Co. v. Department Store,* 212 N.C. 75, 193 S.E. 9; *Fashion Co. v. Grant,* 165 N.C. 453, 81 S.E. 606. In the cited cases, the contract, in direct violation of G.S. 75-5(2), prohibited the merchant from selling competitive products of other manufacturers.

The oral contract as alleged herein contains no express provision of this character. Nor does it contain any express provision prohibiting plaintiff from purchasing similar products from defendant's competitors. *Lewis v. Archbell,* 199 N.C. 205, 154 S.E. 11. We need not consider whether the terms of the oral contract as alleged imply an obligation on the part of plaintiff to deal in defendant's said products to the exclusion of those of defendant's competitors.

The oral contract as alleged prohibits defendant from making any sale or distribution of its said products in North Carolina other than to and through plaintiff as exclusive distributor in the territory.

G.S. 75-4, in pertinent part, provides:

"No contract or agreement hereafter made, limiting the rights of any person to do business anywhere in the State of North Carolina shall be enforceable unless such agreement is in writing duly signed by the party who agrees not to enter into any such business within such territory.

G.S. 75-4 was applied in *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910. Reference was made to G.S. 75-4 in *Sonotone Corp. v. Baldwin,* 227 N.C. 387, 42 S.E. 2d 352. No other case in which G.S. 75-4 was considered has come to our attention.

The question is not whether the oral contract as alleged herein is void as an unreasonable restraint of trade, but whether it is void and unenforceable by reason of the provisions of G.S. 75-4. The General Assembly has declared that no contract whereby a person limits and restricts his legal right to do business in the State shall be valid and enforceable unless in writing and signed by the party so contracting.

True, the oral contract as alleged does not exclude defendant from engaging in business in North Carolina, but it does prohibit defendant's right to do business except through plaintiff as its exclusive distributor. Thus, it limits substantially defendant's right to do business in North Carolina. Hence, under G.S. 75-4, the alleged oral contract is void and unenforceable.

The conclusion reached is that a contract whereby a person, firm or corporation is made exclusive distributor for the State of North Carolina, precluding the manufacturer from doing business in North Carolina otherwise than through this single channel, is void unless the party so limited or restricted agrees thereto *in writing*. We need not consider whether the contract as alleged herein is void and unenforceable on other grounds. G.S. 75-4 controls. The wisdom thereof is a matter for the General Assembly.

For the reasons stated, the judgment of the court below is

Affirmed.