NORLIN INDUSTRIES, INC. v. MUSIC ARTS, INC., AND KENNITH PAUL WHICHARD, JR.

No. 833SC237

(Filed 20 March 1984)

1. **Rules of Civil Procedure §§ 7, 15— failure to allow amendment to plead estoppel proper**
   The trial court correctly concluded that an amendment to defendant's answer to plead estoppel was unnecessary since the issues to which estoppel was to be a defense did not arise until the plaintiff's reply, and under G.S. 1A-1, Rule 7 the defendants were precluded from alleging it in any further responsive pleadings and could have raised this defense at trial without having previously alleged it.

2. **Rules of Civil Procedure § 15; Unfair Competition § 1— Chapter 75 violation as alternative counterclaim—statute of limitations barring claim**
   The trial court correctly denied defendants' motion to amend their answer to assert as an additional alternative counterclaim a G.S. 75-5(b)(2) violation in limiting their dealership to Lowrey organs since the four year period of statute of limitations for Chapter 75 violations barred the claim.

3. **Contracts § 7; Frauds, Statute of § 6; Monopolies § 2.1; Rules of Civil Procedure § 15; Unfair Competition § 1— oral "franchise agreement" limiting exclusive area to sell—barred by statute of frauds and statute of limitations**

   The trial court properly denied defendants' motion to assert an additional alternative counterclaim alleging that defendants were damaged by a 1976 G.S. 75-5(b)(2) violation and by the opening of another store by plaintiff in 1979 in violation of its alleged oral "franchise agreement" since the G.S. 75-5(b)(2) claim was barred by the statute of limitations, and since the assertion of the oral "franchise agreement" in which the plaintiff allegedly gave defendant corporation an exclusive area in which to sell was barred by the statute of frauds pursuant to G.S. 75-4.

4. **Accounts § 2— debt owed to plaintiff not contested—summary judgment for plaintiff proper**

   The trial court properly entered summary judgment for plaintiff where there was no genuine issue as to the amount owed since the defendants, in their answers to the plaintiff's interrogatories, admitted the debt owed to plaintiff to be $57,093.47, and the trial court granted summary judgment in favor of plaintiff for the total amount of $65,657.49, the amount admitted plus attorneys' fees which were not contested. G.S. 6-21.2.

APPEAL by defendants from *Tillery, Judge*. Judgment entered 29 September 1982, in Superior Court, PITT County. Heard in the Court of Appeals 8 February 1984.

*Thigpen & Hines by James C. Smith for plaintiff appellee.*

*Willis A. Talton for defendant appellants.*

BRASWELL, Judge.

The plaintiff filed this action to recover a sum of money owed by the defendants to the plaintiff for goods sold. The defendants answered asserting a counterclaim to which the plaintiff replied. The plaintiff then filed a motion for summary judgment. The defendants, along with their response to the motion for summary judgment, also filed a motion to amend their answer. The trial court denied the defendants' motion to amend and granted the plaintiff's motion for summary judgment. The defendants, on the basis that both of these rulings were in error, have appealed.

More specifically the facts are as follows. The plaintiff is the national distributor of Lowrey organs and in 1973 entered into a dealer security agreement with the defendant Music Arts, Inc., whereby the plaintiff agreed to sell and deliver certain musical instruments and accessories to the defendant Music Arts. The

defendant Whichard personally guaranteed payment in writing any indebtedness incurred by Music Arts to the plaintiff under this agreement. In the summer of 1979, Music Arts defaulted under the terms of the agreement by failing to pay for goods sold and delivered to it by the plaintiff. The plaintiff pursuant to their agreement repossessed and sold the remaining collateral property securing the unpaid indebtedness of Music Arts. After applying all credits from the sale of the collateral property, the plaintiff alleged that the outstanding balance due from Music Arts was $73,080.59. When Music Arts refused to pay this sum, the plaintiff filed this action against Music Arts as debtor and Whichard as guarantor on 29 January 1981.

In the defendants' answer, they admitted that in the summer of 1979 they owed the plaintiff for goods delivered, but denied the amount owed was $73,080.59. They further asserted a counterclaim against the plaintiff that in 1973 the parties also entered into an oral "franchise agreement" in which Music Arts was given an exclusive territory in which to sell. The defendants alleged that this oral agreement was violated (1) when the plaintiff opened a new store in Music Arts' allotted territory in 1979 and (2) when the plaintiff conspired with another party to remove the dealership from the defendants in 1976.

In its reply to this counterclaim, the plaintiff denied that it entered into any "franchise agreement" with Music Arts, denied any conspiracy against Music Arts, and further asserted that the counterclaim was barred by the applicable statute of limitations and by the statute of frauds.

Thereafter, the defendants, responding to plaintiff's first set of interrogatories, admitted that the unpaid balance due to plaintiff under the dealer security agreement was $57,093.47. The plaintiff then filed a motion for summary judgment against the defendants for $57,093.47, plus interest and attorneys' fees and judgment dismissing defendants' counterclaim on the grounds that (1) the 1976 conspiracy claim was barred by the statute of limitations, G.S. 1-52(5), and (2) the alleged oral "franchise agreement" was void and unenforceable pursuant to G.S. 75-4, a statute of frauds provision.

In the defendants' response to plaintiff's motion the defendants contended that the plaintiff's motion should not be granted

and that their counterclaim should not be dismissed because the plaintiff was estopped to plead the statute of limitations and the statute of frauds. They also filed a motion to amend their answer, seeking leave of court to plead their estoppel theory as an affirmative defense and seeking to add two alternative counterclaims. The first of these alternative counterclaims alleged that the plaintiff violated G.S. 75-5(b)(2), which forbids the restraint of trade, when it placed certain restrictions on Music Arts in 1976 as it attempted to sell its business. The second alternative counterclaim stated that by violating G.S. 75-5 in 1976 and by opening another store in 1979 in violation of their "franchise agreement," Music Arts was damaged by a severe loss of business.

In the hearing on these motions, the trial court granted the plaintiff's motion for summary judgment and entered judgment in favor of the plaintiff in the amount of $65,657.49. The trial court also denied the defendants' motion to amend their answer on the grounds that such an amendment would be futile and dismissed their counterclaim with prejudice.

The first question presented for our review by the defendants asks whether or not the trial court erred by denying the defendants' motion to amend their answer. "A motion to amend a pleading, made more than 30 days after the original pleading is served, shall be freely granted when justice so requires. G.S. 1A-1, Rule 15(a); [citation omitted]. However, the motion is addressed to the discretion of the trial court." *Olive v. Williams*, 42 N.C. App. 380, 388, 257 S.E. 2d 90, 96 (1979). We have found no abuse of discretion.

[1] The defendants first sought leave of court to amend their answer in order to plead estoppel as an affirmative defense. "Although G.S. 1A-1, Rule 8(c) requires that a party affirmatively plead estoppel, that rule applies only to responsive pleadings." *Meachan v. Board of Education*, 47 N.C. App. 271, 277, 267 S.E. 2d 349, 353 (1980). Since the issues to which estoppel was to be a defense did not arise until the plaintiff's reply, and under G.S. 1A-1, Rule 7 the defendants were precluded from alleging it in any further responsive pleading, the defendants could have raised this defense at trial without having previously alleged it. *Id.* Therefore, we hold the trial court correctly concluded that an amendment to the defendants' answer was unnecessary.

[2]  The defendants also sought leave of court to amend their answer in order to assert two additional alternative counterclaims. The first of these new counterclaims, according to the defendants, arose in 1976 when Music Arts was attempting to sell its business to Charles Entzminger and Richard Rados. During the sale negotiations, defendant Whichard and the potential buyers met with the Lowrey area representative who told Entzminger and Rados that when they bought Music Arts if they offered any other organ brand than Lowrey for sale, then the Lowrey dealership would be taken from them. After hearing such a statement limiting their dealership to Lowrey organs, Entzminger and Rados terminated the negotiations. The defendants contend that this action by the plaintiff blocked the sale of the business and indirectly violated G.S. 75-5(b)(2) which forbids any person "[t]o sell any goods in this State upon condition that the purchaser thereof shall not deal in the goods of a competitor or rival."

Nevertheless, a counterclaim, like any other claim, must be asserted within the applicable period of limitations or it will be time barred. *Perry v. Trust Co.*, 223 N.C. 642, 27 S.E. 2d 636 (1943). The period of limitations for all Chapter 75 violations is four years after the claim accrues. G.S. 75-16.2. The defendants have alleged that the G.S. 75-5(b)(2) violation occurred in November of 1976, more than four years prior to the filing of this complaint. We therefore hold that the trial court correctly denied the defendants' motion to amend due to the fact that the assertion of this claim would indeed be futile because it is barred by the statute of limitations.

[3]  The second of the additional alternative counterclaims alleges that the defendants have been damaged by the 1976 G.S. 75-5(b)(2) violation and by the opening of another Lowrey store by the plaintiff in 1979 in violation of its alleged oral "franchise agreement." As stated above, the G.S. 75-5(b)(2) claim is barred by the statute of limitations. Its reassertion in this second counterclaim is likewise futile. Besides the statute of limitations bar, the assertion of the oral "franchise agreement" in which the plaintiff allegedly gave Music Arts an exclusive area in which to sell is barred by the statute of frauds pursuant to G.S. 75-4. This statute states in part that:

No contract or agreement hereafter made, limiting the rights of any person to do business anywhere in the State of

North Carolina shall be enforceable unless such agreement is in writing duly signed by the party who agrees not to enter into any such business within such territory: . . .

The oral franchise agreement allegedly prohibited the plaintiff from distributing Lowrey organs within a certain territory, including all of Pitt County, to any of Music Arts' competitors or from opening any new stores of its own. This oral contract substantially limited the plaintiff's right to do business in this area, except through the defendant as its exclusive distributor. Through G.S. 75-4, "[t]he General Assembly has declared that no contract whereby a person limits and restricts his legal right to do business in the State shall be valid and enforceable unless in writing and signed by the party so contracting." *Electronics Co. v. Radio Corp.*, 244 N.C. 114, 117, 92 S.E. 2d 664, 666 (1956). Because under G.S. 75-4, the alleged oral contract is void and unenforceable, we hold that the trial court correctly denied the defendants' motion to amend their answer in order to assert this counterclaim.

[4] The second question raised for our review asks whether the trial court erred in granting the plaintiff's motion for summary judgment. Upon a motion for summary judgment, "the moving party has the burden of establishing that there is no genuine issue as to any material fact," thus entitling him to judgment as a matter of law. *Normile v. Miller*, 63 N.C. App. 689, 692, 306 S.E. 2d 147, 149 (1983). Its purpose is to avoid the necessity of trial by exposing a fatal weakness in the claim or defense of his opponent. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975).

In the defendants' answer, "it is admitted that in the summer of 1979 the Defendants had not paid the Plaintiff for some of the goods which had been previously delivered," but the defendants deny that the amount which they owe is $73,080.59. Thus, there is no genuine issue with regard to the defendants' liability (since they also admitted that defendant Whichard personally guaranteed payment of such indebtedness to plaintiff). There is also no genuine issue as to the amount owed because the defendants' in their answers to the plaintiff's interrogatories admitted the debt to be $57,093.47. The plaintiff, in turn, then abandoned its claim of $73,080.59 and asked only for relief in the amount of $57,093.47, the admitted amount, in their motion for summary judgment

along with $8,564.02 for attorneys' fees pursuant to G.S. 6-21.2. The trial judge granted summary judgment in favor of the plaintiff for the total amount of $65,657.49. The defendants do not contest the award of attorneys' fees on appeal.

The trial court also dismissed the defendants' counterclaim present within their answer when it was first filed. This counterclaim alleges another 1976 conspiracy to remove the Lowrey franchise from the defendants between the plaintiff and a third party and a violation by the plaintiff of the oral franchise agreement by opening another store in their exclusive selling area in 1979. As discussed above, any alleged conspiracy occurring in 1976 is barred by the applicable statute of limitations, G.S. 1-52(5). Also, the oral franchise agreement on which the second part of the counterclaim is based is void and unenforceable pursuant to G.S. 75-4. There being no issue as to any material fact with regard to the plaintiff's claim or the defendants' counterclaim, we hold that the trial court correctly granted the plaintiff's motion for summary judgment and properly dismissed the defendants' counterclaim.

Affirmed.

Judges WELLS and PHILLIPS concur.