ROANOKE PROPERTIES, A NORTH CAROLINA GENERAL PARTNERSHIP v. SPRUILL OIL COMPANY, INC.

No. 9210SC411

(Filed 1 June 1993)

1. **Venue § 7 (NCI3d) — motion for change of venue — title to land not directly affected — change as matter of right properly denied**

The trial court did not err by denying defendant's motion for a change of venue as of right where plaintiff and defendant entered into an agreement by which defendant provided tanks, pumps, and fuel inventory for a marina in Dare County, plaintiff agreed to purchase its fuel from defendant exclusively at least until the equipment was paid for, defendant recorded the agreement in the Dare County Register of Deeds, plaintiff subsequently brought an action in Wake County seeking a declaratory judgment that the exclusive fuel purchase provision was binding only until the equipment was paid in full, and defendant moved for a change of venue to Dare County. The complaint, viewed in its entirety, reveals that the action does not directly affect title to land or a right or interest therein. N.C.G.S. § 1-83.

ROANOKE PROPERTIES v. SPRUILL OIL CO.

[110 N.C. App. 443 (1993)]

**Am Jur 2d, Venue §§ 58, 63, 65.**

**Construction and effect of statutory provision for change of venue for the promotion of the convenience of witnesses and the ends of justice. 74 ALR2d 16.**

2. **Venue § 8 (NCI3d) — motion for change of venue — convenience — denied — no abuse of discretion**

The trial court did not abuse its discretion by denying defendant's motion for a change of venue from Wake to Dare County for the convenience of witnesses and the ends of justice in an action arising from a contract to supply equipment and fuel to a marina in Dare County where the record reflects that several of defendant's affiants reside in Wake County and that plaintiff's principal place of business is in Bertie County. Although defendant contended that all of its records concerning the property are recorded in Dare County, defendant does not contend that either the property or its records must be viewed to resolve the action.

**Am Jur 2d, Venue § 84.**

3. **Unfair Competition § 1 (NCI3d) — fuel purchase agreement — not a valid requirements contract — not a valid exclusive dealing contract — void**

The trial court properly voided the fuel purchase provisions of an agreement by which defendant furnished plaintiff equipment and fuel for a marina and plaintiff agreed to pay defendant 5 cents per gallon on fuel sold and to buy fuel exclusively from defendant until the equipment was paid in full. Although valid requirements contracts and valid exclusive dealing contracts are not within the province of N.C.G.S. § 75-5(b)(2) and are recognized by the courts and the legislature, this was not a requirements contract because it authorized defendant unilaterally to refuse to supply fuel without cause, and not an exclusive dealing contract because it did not require defendant to sell its product in the Manteo area exclusively to plaintiff. The entire contract is void and unenforceable under N.C.G.S. § 75-5(b)(2); however, plaintiff did not dispute the validity of the portion of the agreement requiring payment for the equipment and that portion of the agreement remains in effect.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 595, 597.**

## ROANOKE PROPERTIES v. SPRUILL OIL CO.

[110 N.C. App. 443 (1993)]

Appeal by defendant from order entered 10 February 1992 and order entered 12 February 1992 in Wake County Superior Court by Judge Donald W. Stephens. Heard in the Court of Appeals 30 March 1993.

*Kirby, Wallace, Creech, Sarda & Zaytoun, by Paul P. Creech and Richard P. Nordan, for plaintiff-appellee.*

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr., David J. Irvine, Jr., and Lars P. Simonsen, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from orders entered 10 February 1992 and 12 February 1992, denying defendant's motion for change of venue, N.C.G.S. § 1-83, and granting plaintiff's motion for summary judgment, N.C.G.S. § 1A-1, Rule 56.

Plaintiff Roanoke Properties (Roanoke), as part of its development of a marina at Pirate's Cove subdivision in Manteo, North Carolina, sought to purchase fuel tanks, pumps, and related equipment from defendant Spruill Oil Company, Inc. (Spruill). Roanoke and Spruill entered into an agreement dated 28 August 1987 (the Agreement), which Spruill recorded in the Dare County Register of Deeds. The Agreement provides in pertinent part that Spruill will install and maintain "all the tanks and pumps necessary for the sale of gasoline and diesel fuel" at Pirate's Cove. In exchange, Roanoke agreed to pay Spruill "for its overhead costs and profit five (.05) cents per gallon for all gasoline and diesel fuel sold" at Pirate's Cove. Roanoke also agreed to pay Spruill an additional five cents per gallon "until a total of $95,957.54 principal, plus interest at 0% on the unpaid balance" has been paid to purchase the equipment installed by Spruill. The Agreement further provides at paragraph four that "[o]nly gas and diesel fuel supplied by Spruill may be sold on Pirate's Cove's premises." Paragraph nine of the Agreement, entitled "Inventory," states that

Spruill will endeavor to keep enough inventory on hand at all times to meet [Roanoke's] service requirements. In the event Spruill cannot or *will not* supply gas and/or diesel fuel as provided in this agreement, [Roanoke] may . . . purchas[e] the product from another source and may continue to . . . *until Spruill offers to resume delivery* of petroleum products and the provisions of Paragraph 4 herein are waived by Spruill.

[Emphases added.] The term of the Agreement is for a five-year period ending on 31 September 1992, "with Spruill having the option of renewing the agreement on the same terms and conditions for two consecutive additional five (5) year periods."

On 4 October 1991, Roanoke filed an action in Wake County Superior Court seeking a judgment declaring that the provision of the Agreement regarding the purchase of fuel exclusively from Spruill is binding on Roanoke only until such time as the equipment is paid in full. According to Roanoke's complaint, at no time did Roanoke agree to bind itself to an exclusive fuel supply contract with Spruill for a period beyond the date that the equipment was paid in full. Roanoke also alleges that Spruill's recording of the "Memorandum of Agreement" created "a cloud upon the title of the property which has interfered with and restricted [Roanoke] from selling the property to . . . potential buyers."

On 24 October 1991, Spruill filed its answer and a motion for change of venue seeking removal of the action to Dare County on the grounds that plaintiff's complaint alleges that title to real property is involved, and that "the convenience of the witnesses and the ends of justice would be promoted" thereby. Subsequently, Roanoke and Spruill filed cross-motions for summary judgment. Wake County Superior Court Judge Donald Stephens denied Spruill's motion for a change of venue, both as a matter of law and in the court's discretion, and granted Roanoke's motion for summary judgment. In his order granting summary judgment, Judge Stephens declared void and unenforceable the provisions in the Agreement "which seek to require [Roanoke] to purchase gasoline and diesel fuel exclusively from [Spruill]." From this order, and from the order denying its motion for change of venue, Spruill appeals.

---

The issues presented are whether (I) the trial court erred as a matter of law and/or abused its discretion by denying Spruill's motion for change of venue; and (II) the provision in the Agreement stating that Roanoke may sell only fuel supplied by Spruill renders the Agreement invalid pursuant to N.C.G.S. § 75-5(b)(2).

## I

### Change Of Venue As Of Right

[1] Spruill argues that the trial court erred as a matter of law in denying Spruill's motion for change of venue pursuant to N.C.G.S. § 1-83. We disagree.

**ROANOKE PROPERTIES v. SPRUILL OIL CO.**

[110 N.C. App. 443 (1993)]

The trial court must, pursuant to N.C.G.S. § 1-83, upon timely motion of defendant, change the place of trial when the action is not brought in the proper county. *Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 743, 71 S.E.2d 54, 55 (1952). Actions for the determination of a right or interest in real property, *i.e.*, "local" actions, must be tried in the county in which the subject of the action, or some part thereof, is situated. N.C.G.S. § 1-76(1) (1983); *Snow v. Yates*, 99 N.C. App. 317, 320, 392 S.E.2d 767, 769 (1990). " 'Title to realty must be directly affected by the judgment, in order to render the action local, and an action is not necessarily local because it incidentally involves the title to land or a right or interest therein.' " *McCrary Stone Serv., Inc. v. Lyalls*, 77 N.C. App. 796, 798, 336 S.E.2d 103, 104-05, *disc. rev. denied*, 315 N.C. 588, 341 S.E.2d 26 (1986) (citation omitted). The court is limited to a consideration of the allegations of the complaint in determining whether the judgment sought by the plaintiff would affect title to land. *Pierce v. Associated Rest and Nursing Care, Inc.*, 90 N.C. App. 210, 212, 368 S.E.2d 41, 42 (1988).

In the instant case, Roanoke alleges in its complaint that Spruill's recording of the Agreement in Dare County "created a cloud upon the title of the property." However, the complaint, when viewed in its entirety, reveals that the action brought by Roanoke does not *directly* affect title to land, or a right or interest therein. The judgment sought by Roanoke in this action is a declaration that the Agreement, properly interpreted, relieves Roanoke of its obligation to purchase its fuel exclusively from Spruill once Roanoke pays in full for the equipment installed by Spruill. The trial court did not err by denying Spruill's motion for change of venue on this basis.

*Change Of Venue For Convenience*

[2] Spruill argues that the trial court abused its discretion by denying Spruill's motion for change of venue to Dare County pursuant to N.C.G.S. § 1-83(2). We disagree.

"The trial court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change." N.C.G.S. § 1-83(2) (1983). It is well established, however, that the court's refusal to do so will not be disturbed absent a showing that the court abused its discretion. *Godley Constr. Co. v. McDaniel*, 40 N.C. App. 605, 607, 253 S.E.2d 359, 361 (1979).

ROANOKE PROPERTIES v. SPRUILL OIL CO.

[110 N.C. App. 443 (1993)]

In the instant case, the record reflects that several of Roanoke's affiants in support of its motion for summary judgment (*i.e.*, potential trial witnesses), including its financial officer, reside in Wake County, North Carolina, and that Spruill's principal place of business is in Bertie County, North Carolina. Although, according to Spruill, "all of the records concerning the subject property are recorded in Dare County," Spruill does not contend that either the property itself or its records must be viewed in order to resolve this declaratory judgment action. A review of the record does not persuade us that the trial court abused its discretion by failing to transfer the matter to Dare County.

## II

[3] Spruill argues that the trial court, relying on N.C.G.S. § 75-5(b)(2), erroneously invalidated the fuel purchase provisions of the Agreement. According to Spruill, the Agreement is either a valid requirements contract or a valid exclusive dealing contract, negotiated at arms-length by sophisticated parties, and outside the provisions of Section 75-5(b)(2). Roanoke, on the other hand, argues that the fuel purchase provisions of the Agreement violate N.C.G.S. § 75-5(b)(2) and, for this reason, were properly voided by the trial court.

Section 75-5(b)(2) provides that,

[i]n addition to the other acts declared unlawful by [Chapter 75 of the North Carolina General Statutes], it is unlawful for any person directly or indirectly to . . . , or to have any contract express or knowingly implied to . . . sell any goods in this State upon the condition that the purchaser thereof shall not deal in the goods of a competitor or rival in the business of the person making such sales.

N.C.G.S. § 75-5(b)(2) (1988). Although contracts which violate Section 75-5(b)(2) have long been deemed unenforceable in this State, *see, e.g., Standard Fashion Co. v. Grant*, 165 N.C. 453, 81 S.E. 606 (1914); *Florsheim Shoe Co. v. Leader Dep't Store, Inc.*, 212 N.C. 75, 193 S.E. 9 (1937), valid requirements contracts and valid exclusive dealing contracts are not within the province of Section 75-5(b)(2) and are recognized by our Courts and our Legislature. *See, e.g., Indian Mountain Jellico Coal Co. v. Asheville Ice and Coal Co.*, 134 N.C. 574, 47 S.E. 116 (1904) (enforcing contract pursuant to which plaintiff agreed to sell defendant "all the coal that may be required" by defendant during a specified time period);

*Mar-Hof Co. v. Rosenbacher*, 176 N.C. 330, 97 S.E. 169 (1918) (upholding exclusive dealing contract in which defendant manufacturer agreed to sell its suits exclusively in Winston-Salem to plaintiff retailer); N.C.G.S. § 25-2-306(1), (2) (1986); *see also* William B. Aycock, *North Carolina Law On Antitrust and Consumer Protection*, 60 N.C. L. Rev. 205, 242 (1982).

The Agreement at issue in the instant case, contrary to Spruill's contention, is neither a requirements contract nor an exclusive dealing contract. It is not a requirements contract because it authorizes Spruill unilaterally to refuse to supply fuel to Roanoke without cause, and hence does not obligate Spruill to supply the fuel requirements of Roanoke. It is not an exclusive dealing contract because by its terms it does not require Spruill to sell its product in the Manteo area exclusively to Roanoke. Rather, the Agreement is simply an equipment purchase contract which contains a provision requiring Roanoke to sell only fuel supplied by Spruill. This provision violates Section 75-5(b)(2), and under established law in this State deems the entire Agreement illegal and unenforceable. *See Florsheim*, 212 N.C. at 79, 193 S.E. at 11. However, because Roanoke does not dispute the validity of the portion of the Agreement requiring Roanoke to pay Spruill for the fuel tanks and equipment, that portion of the Agreement, as the trial court determined, remains in effect.

Affirmed.

Judges WELLS and WYNN concur.